AMERICAN EXPRESS CO. *v.* UNITED STATES [1]

United States Customs Court, Third Division

(Decided October 6, 1938)

*G. W. R. Wallace* and *Barnes, Richardson & Colburn* (*Joseph Schwartz* of counsel) for the plaintiff.

*Joseph R. Jackson,* Assistant Attorney General (*Richard H. Welsh,* special attorney), for the defendant.

Before CLINE, EVANS, and KEEFE, Judges

CLINE, Judge: In this suit against the United States the plaintiff claims that the collector of customs at the port of Chicago, assessed additional duty improperly under the provisions of section 304 (b) of the Tariff Act of 1930 at the rate of 10 per centum ad valorem on the ground that the merchandise was not legally marked.

It appears from the record that the shipment the subject of this appeal consisted of 1 crate containing 12 mixing machines imported from Holland. The machines were made of metal and glass, the glass portion consisting of a cylinder attached to the machine. No marking appeared on the metal portion, but a paper label containing the words "Made in Holland" was pasted on the glass cylinders. No marking

[1] C. D. 41.

appeared on the paper wrappers or the cases, but the outer crate was legally marked. The official marking notice shows that before the goods were released from customs custody the importer marked the metal portion of each machine with the words "Made in Holland" by a diesinking process.

Section 304 (a) of the Tariff Act of 1930 provides in part as follows:

(a) MANNER OF MARKING.—Every article imported into the United States, and its immediate container, and the package in which such article is imported, shall be marked, stamped, branded, or labeled, in legible English words, in a conspicuous place, in such manner as to indicate the country of origin of such article, in accordance with such regulations as the Secretary of the Treasury may prescribe. Such marking, stamping, branding, or labeling shall be as nearly indelible and permanent as the nature of the article will permit.

The collector reports that the marking on the paper labels pasted on the glass was not as nearly indelible and permanent as the nature of the articles permit. Counsel for the plaintiff contends in his brief, however, that the marking on the paper label was sufficiently reasonable to comply with the statute, citing *Asiam* v. *United States*, 25 C. C. P. A. 68, T. D. 49065, in which case it was held that barrels of cherries were sufficiently marked by means of paper labels, containing the name of the country of origin of the cherrries, tacked to the heads and bottoms of the barrels.

Counsel for defendant contends in his brief that the marking on the paper labels does not constitute as indelible and permanent a marking as the nature of the machines will permit and that a reasonable construction of the decision in the *Asiam* case, *supra*, shows that, while an immediate container may not have to be marked in a manner as nearly indelible and permanent as its nature will permit, an article itself must be so marked.

In the case of *United States Aluminum Co. and Aluminum Co. of America* v. *United States*, 16 Ct. Cust. Appls. 112, T. D. 42764, where the question involved related to the legal marking of large hydraulic presses and special tools, dies, and die blocks for use in connection with such machines, it was held that each machine and each special tool used therewith should be marked so as to indicate the country of origin thereof. The court, in explaining the burden cast upon the importer in marking cases, said:

The fact that the collector has assessed the 10 per centum duty provided in section 304 (a) (Tariff Act of 1922) imposed upon importers the burden of showing that the merchandise was not capable of being marked within the meaning of the section.

In view of the collector's decision, it is manifest that the burden was cast upon the plaintiff in this case to prove that the marking by means of paper labels was as nearly indelible and permanent as the nature of the machines would permit, but no testimony was introduced on that point. It is obvious that marking by diesinking is

more indelible and permanent than by paper labels and therefore the marking of machines by means of paper labels does not meet the statutory requirement. Furthermore, the fact that the importer marked the metal portion of the machines by a diesinking process without injury to the machines indicates that the articles were capable of being marked by that process.

The decision in *Asiam v. United States, supra,* related to the marking of immediate containers only and is not an authority for a finding that an imported article itself may be marked by means of a paper label without considering the nature of the article. In the case of *Samstag & Hilder Bros. v. United States,* Abstract 16395, it was held that glass bottles were not legally marked within the statutory requirements when it appeared that paper labels containing the name of the country of origin were found pasted to the bottles when imported. On the other hand, in the case of *Laurel Textile Co., Inc. v. United States,* Abstract 30444, cotton cloth with a marking showing the country of origin printed on a paper label pasted on the cloth was held to be legally marked. The nature of the article must be considered in every case.

We find that the marking on the paper labels attached to the glass portion of the mixing machines herein involved was not as nearly indelible and permanent as the nature of the articles would permit and we hold that the merchandise was not legally marked when imported. The protest is overruled. Judgment will be entered in favor of the defendant.